**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA**

**CHARLES KIGER,**

      **Plaintiff,**

**v.**                                                   **Civil Action No. 2:11cv70**
                                                           **(Judge Bailey)**

**TIMOTHY STEWART, et al.,**

      **Defendants.**

**ORDER GRANTING MOTION TO AMEND AND
REPORT AND RECOMMENDATION ON PLAINTIFF'S
MOTIONS FOR INJUNCTIVE RELIEF**

The *pro se* plaintiff initiated this case on September 7, 2011, by filing a civil rights complaint against Timothy Stewart, Warden at FCI Morgantown. On December 14, 2011, the plaintiff filed a motion for a temporary restraining order/preliminary injunction. On January 27, 2012, the plaintiff filed an amended complaint in which he added Dr. Michael Walters, Physician Assistant Ahmed Jawad, and Health Administrator Lewis Brescoach as defendants. In the complaint, the plaintiff asserts that the defendants have been deliberately indifferent to his serious medical needs. On February 10, 2012, the plaintiff filed a motion to amend his motion for temporary restraining order/motion for preliminary injunction. The plaintiff has been granted permission to proceed as a pauper.

The standard for granting injunctive relief in this circuit is set forth in Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342 (4th Cir. 2009). As articulated in Real Truth, before a court may grant injunctive relief, the movant is required to establish "(1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." *Id*. at 346 (citations omitted).

In the motion, the plaintiff states in pertinent part:

> I am suffering irreparable harm in the form of continued physical and mental pain and suffering and an increasing risk that my pancreas will never be restored to its full usefulness.

In his support of his proposed amended motion, the plaintiff notes:

> The plaintiff is suffering irreparable harm coming in the form of continued and ongoing physical pain and psychological depression over the illness, and the terrible risk that his Pancreas will never be be restored to its full capacity. The inflammation above can easily turn into Cancer if not addressed immediately.

In his underlying amended complaint, the plaintiff has set forth an allegation which the undersigned has construed liberally as stating a sufficient claim under the Eighth Amendment so as to survive summary dismissal. However, the plaintiff's assertions are insufficient to establish that he is likely to succeed on the merits of his claim once the defendants have filed an answer. Furthermore, it is pertinent to note that the plaintiff, by his own admission, has suffered from recurring pancreatitis for 27 years. Moreover, the information attached to the plaintiff's original complaint indicates that the plaintiff was hospitalized from March 4, 2011 through March 18, 2011 for treatment of pneumonia and a flare up of his chronic pancreatitis, and he was discharged and returned to FCI Morgantown in stable condition. His discharge summary recommended three different analgesic medications and continued use of his daily medications. Upon return to FCI Morgantown, the clinical director prescribed a single release narcotic analgesic, as opposed to three separate medications, and continued his daily use medications as recommended by the outside physician. He was seen by the clinical director three days later , and a 3-day tapering regimen of the previously prescribed sustained narcotic analgesic medication was implemented. In addition, clinical laboratory testing, pertinent to chronic pancreatitis and an abdominal radiograph series was ordered. Accordingly, aside from the plaintiff's self-serving

2

speculation of increasing risk to his pancreas and the possibility that he may develop cancer, nothing presently before the Court establishes that irreparable harm will result if an injunction does not issue. This is clearly not sufficient grounds for the Court to grant an extraordinary remedy such as injunctive relief. Accordingly, the undersigned **GRANTS** the plaintiff's Motion to Amend (dckt. 39)[1] and **RECOMMENDS** that the plaintiff's Motions for Temporary Restraining Order/Preliminary Injunction (dckt. 22 and 39) be **DENIED**.

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

**DATED:** March 5, 2012

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE

---

[1] The undersigned notes that although styled a "Motion to Amend," the pleading is more appropriately construed as simply a supplement to his original motion.